

**FILED**

APR 0 2 2014

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 11-03-BLG-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| LESLIE JON CLAASSEN, | |
| Defendant/Movant. | |

On August 26, 2013, Defendant/Movant Leslie Jon Claassen filed a motion

to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Claassen is a

federal prisoner proceeding pro se.

On December 16, 2013, Claassen filed a motion for the appointment of

counsel. The motion was denied and some deficiencies in Claassen's motion were

called to his attention. He was given the opportunity to file a supplement. He did so

on March 28, 2014.

United States District Judge Richard F. Cebull presided over Claassen's

case. As he has since retired, the matter was assigned to this Court. In reviewing

the record of the case, the Court has consulted the rough transcript of Claassen's

change of plea hearing, which has not yet been filed. The United States will be

1

required to order it, file it in the record of the case, and deliver a copy to Claassen.

## I. Background

On January 20, 2011, a federal grand jury indicted Claassen on one count of receipt of child pornography, a violation of 18 U.S.C. § 2252A(a)(2). Indictment (Doc. 11) at 2. Assistant Federal Defender David Merchant was appointed to represent Claassen. Order (Doc. 9).

On September 1, 2011, Claassen moved to change his plea to guilty. There was no written plea agreement. Mot. to Change Plea (Doc. 23). On September 14, 2011, Claassen pled guilty in open court. Minutes (Doc. 26).

Sentencing was held on December 14, 2011. Under the advisory sentencing guidelines, Claassen's base offense level was 22. He received enhancements because the images he possessed 35 images of child pornography, because the images included children under the age of 12 and portrayed sadistic conduct, and because he engaged in a pattern of sexual abuse of exploitation by taking sexually explicit pictures of his six-year-old daughter. He received decreases in the offense level based on the lack of evidence he intended to traffic in or distribute the images and based on his acceptance of responsibility. His total offense level was 30. Sentencing Tr. (Doc. 41) at 4:22-7:2. His criminal history category was III. His advisory guideline range was 121-151 months, *id.* at 7:3-13, but, because Claassen

2

had a previous conviction for sexual abuse of children, *see* Presentence Report ¶ 58, he was subject to a 15-year statutory mandatory minimum sentence, 18 U.S.C. § 2252A(b)(1). Claassen was sentenced to serve 240 months in prison, consecutive to a pending state revocation sentence, and followed by a life term of supervised release. Sentencing Tr. at 25:25-26:22.

Claassen appealed the reasonableness of the sentence. On August 15, 2012, the Court of Appeals affirmed the sentence "[i]n light of Claassen's history of sexual abuse of minors and his repeated failure in sexual offender treatment programs." Order at 2, *United States v. Claassen*, No. 11-30359 (9th Cir. Aug. 15, 2012) (Doc. 42).

Claassen's conviction became final 90 days later, on November 13, 2012. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). He timely filed his § 2255 motion on August 20, 2012. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

Although it is questionable whether the original motion was sufficiently detailed to make the supplement timely as well, *see Mayle v. Felix*, 545 U.S. 644, 664 (2005), the Court will assume, for present purposes, that all claims were timely.

## II. Claims and Analysis

### A. Ineffective Assistance of Counsel

To support a claim of ineffective assistance, Claassen must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

#### 1. Notebook

Claassen claims that a "log" or notebook found in his possession was not a record of past events or a projection of "planned future conduct" but a collection of "pure fiction." Supp. (Doc. 55) at 2-8. He asserts that trial counsel violated his Sixth Amendment right to effective assistance of counsel by failing to investigate or show that the notebook did not involve real children or plans to sexually abuse children.

But counsel knew the role of the notebook, and he said so at sentencing. Sentencing Tr. at 9:11-20, 10:5-8, 10:15-19. The prosecutor knew it, too. *Id.* at 12:14-13:4. The probation officer who prepared the presentence report knew it. Presentence Report ¶¶ 18, 22. And the sentencing judge knew it. He described the

4

notebook as a continuation of Claassen's evasive and defensive refusal to participate meaningfully in the several treatment opportunities that had been made available to him. *Id.* at 18:20-24:12.

Everyone considered the notebook neither as a confession nor as a plan to commit crimes but as evidence of Claassen's continued acute sexual interest in children. As Claassen correctly points out, his sexual interest is not, in itself, a crime. But it is clear and compelling evidence of the danger Claassen poses to children and of his unsuitability for treatment, given his failures in treatment. Counsel committed no error, and, as everyone knew what the notebook represented, Claassen suffered no prejudice. Neither prong of the *Strickland* test is met. This claim is denied.

## 2. Motion to Suppress

Claassen asserts that counsel should have moved to suppress the notebook under the First Amendment. Supp. at 7-8. Claassen's constitutional right to write and possess the notebook provided no legal basis for its suppression. The notebook was found during a search of his property while he was serving the suspended portion of a state sentence for sexual abuse of children and living at a motel where seven children were also living. Officers found a printer with the cords that would be required to hook it up to a computer, which Claassen was not permitted to have.

5

Presentence Report ¶¶ 11-27, 58; Offer of Proof (Doc. 25) at 4. The officers who were searching the room had cause to believe the printer had, at some point, been hooked up to a computer by Claassen for the purpose of printing the images of child pornography found elsewhere in the room. It was legitimate for them to search the room to attempt to find the computer. *See Samson v. California*, 547 U.S. 843, 846 (2006).

There is no reason to suspect the search may have been unlawful. There is nothing unlawful about seizing materials that are evidence or contraband, regardless of whether the materials are protected by the First Amendment. The notebook was evidence relevant to the disposition of Claassen's case. Neither prong of the *Strickland* test is met. This claim is denied.

### 3. Statements in Therapy

Claassen claims that statements he made in group therapy sessions should not have been used against him. Supp. at 8. Assuming, for the sake of argument, that he was compelled to participate in treatment, the record does not reflect that any statements he made in a therapeutic context were used against him. *See* Sentencing Tr., *passim*; Presentence Report ¶¶ 11-27; *id.* Part C at 19; *id.* ¶¶ 67-88, 89-95.[1] Treatment providers described the level of his participation, which was

---

[1] Dr. Scolatti's report was evaluative, not therapeutic.

low, and the level of his evasion and dishonesty, which was high. Observations of his behavior are not reports of his statements, and his own statements were not used to incriminate him. Neither prong of the *Strickland* test is met. This claim is denied.

### 4. Characterization of Claassen's Performance in Therapy

Claassen claims counsel should have challenged the statement in the Presentence Report that Claassen was "released from several different treatment centers because he was performing unsatisfactorily in the sex offender programs provided by the treatment centers." Supp. at 9. But Claassen provides no reason to think he was not kicked out of treatment programs. There was ample reason to find that he was. *See* Presentence Report ¶¶ 58 paras. 3, 4; Sullivan Letter (Oct. 26, 2009); Dr. Bakko Termination Letter (Dec. 21, 2010); *see also* Sentencing Tr. at 3:10-4:15, 7:20-22, 9:21-10:8. Neither prong of the *Strickland* test is met. This claim is denied.

### 5. Computer

Finally, Claassen also contends that he could not have been guilty because he did not have a computer. Supp. at 10-12. But he had a printer, and he told officers he printed the glossy color photographs constituting child pornography by borrowing a memory card from a third party. The printer and the memory card

must have traveled in interstate commerce; neither was manufactured in Montana. Claassen admitted these facts when he pled guilty. Offer of Proof at 4-5. Neither prong of the *Strickland* test is met. This claim, Supp. at 10-12, is denied.

### 6. Remaining Allegations

Claassen's remaining allegations of ineffective assistance, *see* Mot. § 2255 at 4 ¶ 5A, are not supported by sufficient allegations of fact to give rise to "a real possibility of constitutional error." As Claassen was given an opportunity to clarify his claims, *see* Order (Doc. 50) at 1-3, and as he clarified only the matters addressed above, there is no need for further proceedings on his allegations of ineffective assistance of counsel.

### B. Judicial Bias

Claassen's second ground for relief alleges "judicial error," with five specifications: "bias and prejudice towards the Defendant," denial of a continuance and denial of leave to withdraw the guilty plea at sentencing, "slander[] . . . in court and newspapers," denial of a change of venue, and "non-judicial temperament." Mot. § 2255 (Doc. 44) at 4 ¶ 5B.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they

8

*will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* (emphases in original).

This Court has reviewed the entire record of the case. Nothing indicates any prospect of factual support for Claassen's allegations. Claassen requested a continuance and an opportunity to withdraw his guilty plea in an attempt to compel a different prosecutor to appear in the case. Judge Cebull correctly told Claassen, "[Y]ou don't have a right to choose the person who either prosecutes you or speaks here in court on behalf of the government." Sentencing Tr. at 17:5-7. Aside from the wholly mistaken factual basis for Claassen's dissatisfaction with the prosecutor, *see id.* at 14:13-16:17, Claassen did not want to withdraw his guilty plea, *id.* at 16:22-17:4. Claassen did not move for a change of venue, so Judge Cebull could not have demonstrated bias by failing to grant one. Any claim of slander is inapposite; statements made in open court are privileged, *see, e.g.*, Mont. Code Ann. § 27-1-804(2). The record gives no indication of a "non-judicial temperament."

All of Judge Cebull's statements were fairly based on the evidence and the parties' own representations in court. This claim is denied in its entirety.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

9

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255

Proceedings. A COA should issue as to those claims on which the petitioner makes

"a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

Claassen's § 2255 motion lacks any substance. Assuming the truth of the

few facts that are both alleged and not contradicted by the record of the case,

Claassen's allegations do not give rise to an inference that he was deprived of a

constitutional right. None of the claims he alleges against counsel's effectiveness

have any footing in the facts of the case. The notebook setting forth Claassen's

sexual fantasies was relevant to a determination of his continuing dangerousness to

children and his imperviousness to treatment. He had a First Amendment right to

write and read it, but the First Amendment provided no legal basis for its

suppression, and there is no reason to believe the search of his motel room

exceeded the bounds of a valid probation search. No statements he made in therapy

were used against him. There was evidence he had not completed sex offender

10

treatment programs successfully, and he provides no reason to suspect that he actually succeeded in them. Possession of a computer was not an element of the offense, and Claassen admitted he used a printer and a memory card to produce the images of child pornography found in his motel room. As to his claims of judicial bias, none of them have any support in the record of the case.

Reasonable jurists would find no basis for encouraging further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held on September 14, 2011, is required to decide the issues presented by Claassen.

2. The United States shall immediately order the transcript of that hearing for the Court's file, with a copy to be delivered to Leslie Jon Claassen # 07603-046, FCI Forrest City Low, Federal Correctional Institution, P.O. Box 9000, Forrest City, AR 72336.

3. Claassen's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 44, 55) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Claassen files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-112-BLG-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Claassen.

DATED this _2nd_ day of April, 2014.

Donald W. Molloy
United States District Court